STATE OFFICERS AND EMPLOYEES A state employee, utilizing his or her personal automobile for official state business, may be reimbursed for properly authenticated parking fees and turnpike fees incurred during travel on official state business. The Attorney General has considered your request for an opinion wherein you ask the following question: "May a state employee, being in all respects qualified to utilize his personal automobile for official state business, be reimbursed for properly authenticated parking fees and turnpike fees which have been incurred as a function of his authorized travel ?" In Opinion No. 68-215, 1 Okl.Op.A.G. 168, the Attorney General answered the above question in the negative stating that turnpike and parking fees are not legitimate claims on in-state travel vouchers incurred while driving a privately owned automobile on state business. The opinion was based on the then applicable statute which was 74 O.S. 500.5 [74-500.5] (1967). This section provided for the state employee to be allowed reimbursement for the use of his personally owned automobile for official state business at a rate not exceeding nine cents (9) per mile. The opinion held that this section made no reference to turnpike and parking fees as being a part of a travel claim for the use of a personally owned automobile. In 1972, the Legislature enacted a new state travel reimbursement act which repealed the previous statutes relating to reimbursement for travel, including the above statute. The new act, now codified as 74 O.S. 500.1 [74-500.1] — 74 O.S. 500.18 [74-500.18] (1977), provides in pertinent part in 74 O.S. 500.2 [74-500.2]: "Officials and employees of the State of Oklahoma, traveling on authorized state business, may be reimbursed for expenses incurred in such travel in accordance with the provisions of this act and existing statutes relating to state travel . . ." 74 O.S. 500.4 [74-500.4] provides in pertinent part as follows: "C. reimbursement for authorized use of privately owned motor vehicles shall not exceed fifteen cents ($0.15) per mile. Distances for which reimbursement for use of privately owned motor vehicles is claimed shall not exceed distances set forth in the latest State Highway Commission road map. Vicinity travel on official business shall be entered on travel claims as a separate item." The above section has been amended by the Legislature in 1974 and in 1976 with respect to increasing the rate of reimbursement per mile. There is a clear distinction between reimbursement for "use of privately owned motor vehicles" and reimbursement for other legitimate expenses incurred while on authorized business of the State. This reasoning is particularly compelling in light of the fact that the Legislature has limited mileage reimbursement by requiring that it be based on "distances set forth in the latest State Highway Commission road map." For example, a state employee using his or her personal vehicle may be reimbursed on the basis of a distance of 115 miles between Oklahoma City and Tulsa according to the latest State Highway Commission road map. However, the above distance is correct only if the employee travels the Turner Turnpike and pays the required fee. Since the Legislature has established $0.15 per mile as the reimbursement for use of a personally owned vehicle, it would be a strained construction indeed to conclude the Legislature intended for turnpike fees expended by a state employee to be recouped out of the $0.15. Also compelling is the reasoning that turnpike or parking fees are extraordinary expenses not included within the term, "use of privately owned motor vehicles." After due consideration, it must be concluded that the Legislature never intended that the reimbursement paid a traveler on free state roads or a traveler not required to park in a parking facility receive a windfall when compared to the state traveler required to use the turnpike or a parking facility.
It is, therefore, the opinion of the Attorney General that your question be answered in the following manner: A state employee, utilizing his or her personal automobile for official state business, may be reimbursed for properly authenticated parking fees and turnpike fees incurred during travel on official state business. (MICHAEL CAUTHRON) ** SEE: OPINION NO. 78-134 (1978) ** ** SEE: OPINION NO. 78-139 (1978) **